Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000147
26-FEB-2014
07:45 AM

NO. CAAP-13-0000147

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WOLFGANG EISERMANN, Petitioner-Appellant,
v.

STATE OF HAWAI'I, Respondent-Appellee,

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 13-1-0002) (CR. NO. 91-2964))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Petitioner-Appellant Wolfgang Eisermann (Eisermann) appeals from the "Order Designating Motion to Correct [Hawai'i Rules of Penal Procedure (HRPP)] Rule 48 Violation Pursuant to [HRPP Rule] 48 as Nonconforming Petition for Post-Conviction Relief and Denying Petition" (Order Denying Petition) filed by the Circuit Court of the First Circuit (Circuit Court).[1] On appeal, Eisermann argues that the Circuit Court erred in denying his petition, which was based on his claim that his right to a speedy trial under HRPP Rule 48 had been violated. We affirm.

I.

In his underlying criminal case, Eisermann moved prior to trial to dismiss the charges against him for violation of HRPP

---

[1] The Honorable Richard K. Perkins presided over the proceedings relevant to this appeal.

Rule 48. The Circuit Court denied the motion. After a jury trial, Eisermann was found guilty of three counts of first-degree sexual assault, one count of attempted first-degree sexual assault, four counts of third-degree sexual assault, and one count of kidnapping. On October 21, 1994, the Circuit Court sentenced Eisermann to concurrent terms of imprisonment on these counts, which included twenty-year terms of imprisonment on Eisermann's first-degree sexual assault and attempted first-degree sexual assault convictions.

Eisermann filed a direct appeal of his judgment. On April 24, 1997, this court affirmed the judgment. State v. Eisermann, No. 18566 (Hawaiʻi App. Apr. 24, 1997) (memorandum opinion). Thereafter, Eisermann filed numerous post-conviction claims for relief, including two motions filed pursuant to HRPP Rule 35 and three petitions pursuant to HRPP Rule 40. The Circuit Court denied all of Eisermann's claims for post-conviction relief, and the Circuit Court's decisions were affirmed in all cases in which Eisermann filed an appeal. Eisermann did not raise the claim that his speedy trial rights under HRPP Rule 48 had been violated on direct appeal or in any of his prior post-conviction motions or petitions for relief.

On January 10, 2013, Eisermann filed a "Motion to Correct [HRPP] Rule 48 Violation Pursuant to [HRPP Rule] 48," which is at issue in this appeal. Eisermann contended that his right to a speedy trial had been violated, based on his claim that he had not been brought to trial within the time limits established by HRPP Rule 48. The Circuit Court deemed this motion to be a nonconforming petition for post-conviction relief pursuant to HRPP Rule 40 (2006) (Nonconforming Rule 40 Petition). The Circuit Court denied the Nonconforming Rule 40 Petition, without a hearing, on the ground that the issue raised in the Nonconforming Rule 40 Petition had previously been ruled upon by the trial court in Eisermann's underlying criminal case and had not been raised by Eisermann on direct appeal or in any of his prior petitions for post-conviction relief.

II.

The sole claim raised by Eisermann in this appeal is that his right to a speedy trial under HRPP Rule 48 was violated, and therefore the Circuit Court erred in denying his Nonconforming Rule 40 Petition.  However, as noted by the Circuit Court, HRPP Rule 40(a)(3) provides that "Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived."

The record reflects that in his underlying criminal case, Eisermann filed a motion to dismiss the charges based on a claim that HRPP Rule 48 had been violated, and the Circuit Court denied this motion.  Eisermann, however, did not challenge the Circuit Court's ruling on direct appeal or raise the claim that his speedy trial rights under HRPP Rule 48 had been violated in any of his prior post-conviction motions or petitions for relief. Eisermann could have raised this claim in these prior proceedings and has not demonstrated the existence of extraordinary circumstances to justify his failure to previously raise this claim.  See HRPP Rule 40(a)(3).  Accordingly, we conclude that Eisermann has waived the issue raised in his Nonconforming Rule 40 Petition, and we affirm the Circuit Court's denial of that petition without a hearing.

III.

The Order Denying Petition is affirmed.

DATED: Honolulu, Hawai'i, February 26, 2014.

On the briefs:

Wolfgang Eisermann
Petitioner-Appellant Pro Se

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

_Craig H. Nakamura_
Chief Judge

_Daniel R. Foley_
Associate Judge

_Lawrence M. Reifurth_
Associate Judge

3